UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRENDA A. PATTERSON, <br><br> *Plaintiff*, <br><br> v. <br><br> FLORIDA DEPARTMENT OF CHILDREN AND FAMILIES, *et al.*, <br><br> *Defendants.* | Civil Action No. 21-1427 (RDM) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Brenda A. Patterson, proceeding *pro se*, filed this action on May 26, 2021, against two Florida counties, a Florida state agency, the Clerk of the United States Supreme Court, and two private corporations. Dkt. 1 (Compl.). As this Court has previously described, *see Patterson v. Fla. Dep't of Children & Fams.*, No. 21-cv-1427, 2021 WL 6196991, at *1 (D.D.C. Dec. 30, 2021), Plaintiff's claims arise from the arrest and incarceration of Plaintiff's son, Dimitri Patterson; allegations of forced medication during Dimitri's time at a psychiatric facility; and subsequent efforts by Plaintiff and her son to vindicate what Plaintiff describes as the violation of their rights. Dkt. 3 (Am. Compl.). Plaintiff seeks a judgment of $300 million in actual damages; $60 million in "presumed damages;" and $60 million or 10% of Defendants' net worth (whichever is greater) in punitive damages. *Id.* at 43 (Am. Compl.). This Court has previously dismissed four of the Defendants against whom Plaintiff initially brought suit: Miami-Dade County, Hilton Worldwide Holdings, Inc. ("Hilton"), Wellpath Recovery Solutions, LLC. ("Wellpath"), and the Clerk of the Supreme Court, Scott S. Harris ("the Clerk"). *Patterson*, 2021 WL 6196991, at *5. After that dismissal, only Orange County, Florida and the Florida Department of Children and Families remain as defendants.

Now before the Court is Defendant Orange County's motion to dismiss for lack of personal jurisdiction and improper venue. Dkt. 56. For the reasons that follow, the Court will **GRANT** Defendant's motion to dismiss.

I.

Personal jurisdiction is, of course, a prerequisite to suit; except under rare circumstances not present here, "a federal court . . . may not rule on the merits of a case without first determining that it has jurisdiction over . . . the parties." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Co.*, 549 U.S. 422, 430–31 (2007). On a motion to dismiss for lack of personal jurisdiction, "[t]he plaintiff has the burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant[s]." *Crane v. N.Y. Zoological Soc'y.*, 894 F.2d 454, 456 (D.C. Cir. 1990). A plaintiff may establish personal jurisdiction by asserting either general jurisdiction—which "extends to any and all claims brought against a defendant"—or specific jurisdiction—which requires that "[t]he plaintiff's claims . . . arise out of or relate to the defendant's contacts with the forum." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024–25 (2021) (internal quotation marks omitted). Plaintiff has not carried that burden here with respect to either form of personal jurisdiction, even accounting for the liberal pleading standard afforded *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As for general jurisdiction, Plaintiff makes no allegation that Orange County should be "fairly regarded as at home" in the District of Columbia, *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011). Orange County, moreover, expressly denies that notion, *see* Dkt. 56-1 at 9, and for good reason—Orange County is (self-evidently) "at home" in the Middle District of Florida. *See Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164,

173 (D.D.C. 2016) ("[T]he Court may look beyond the allegations of the complaint . . . to satisfy itself that it has [personal] jurisdiction.").

As for specific jurisdiction, the amended complaint makes clear that, to the extent Orange County has engaged in any conduct in the District of Columbia, those activities "lack[] any connection to the plaintiff['s] claims." *Ford Motor Co.*, 141 S. Ct. at 1031.  The amended complaint locates each of the acts relevant to Orange County in Florida, including Dimitri Patterson's arrest by Orange County Police Officers in Orlando, Florida, Dkt. 3 at 3–7, 9 (Am. Compl. ¶¶ 16–36, 50), and his incarceration in the Orange County jail, *id.* at 7–8, 10–11 (Am. Compl. ¶¶ 37–40, 45, 56–62).  Indeed, aside from Plaintiff's allegation that the Clerk of the Supreme Court declined to docket several habeas petitions on behalf of her son, *id.* at 15 (Am. Compl. ¶¶ 85–91), Plaintiff makes no allegation that *any* event relevant to this case took place in or affected anyone in the District of Columbia.

Plaintiff responds by pointing to 28 U.S.C. §§ 1331 and 1343, Fed. R. Civ. P. 4(k)(2)(A), 42 U.S.C. § 1986, and various amendments to the U.S. Constitution, which, in her view, provide this Court with "jurisdiction over civil rights actions."  Dkt. 58 at 2.  But 28 U.S.C. §§ 1331 and 1343 speak to subject-matter jurisdiction, rather than personal jurisdiction, and although courts may exercise personal jurisdiction over defendants "based on the fact of *in-state* service of process," *Burnham v. Superior Ct. of Ca.*, 495 U.S. 604, 628 (1990) (emphasis added), Plaintiff nowhere alleges that Orange County or its representatives were served while physically present in the District of Columbia (if that were possible).  And although 42 U.S.C. § 1986 and the Ninth, Thirteenth, and Fourteenth Amendments may provide substantive causes of action for suit, they do not speak to the Court's personal jurisdiction over out-of-state defendants.

3

Plaintiff fails altogether to address Orange County's argument that all of the County's alleged acts "occurr[ed] in [Florida]." Dkt. 56-1 at 10 (internal quotation marks omitted). Without the necessary nexus to the District of Columbia, the Court lacks personal jurisdiction over Defendant. The Court will, accordingly, grant Defendant Orange County's motion to dismiss for lack of personal jurisdiction, Dkt. 56.[1]

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the motion to dismiss filed by Orange County, Florida, Dkt. 56, is **GRANTED**.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

---

[1] Miami-Dade County also moves to quash service and argues that this Court is not the proper venue for this action. *See* Dkt. 56-1 at 7–8, 11–12. Although the County appears to be correct in both respects, the Court need not premise its decisions on these alternative grounds.