UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRENDA A. PATTERSON,

    *Plaintiff*,

v.

FLORIDA DEPARTMENT OF CHILDREN
AND FAMILIES,

    *Defendant.*

Civil Action No. 21-1427 (RDM)

## MEMORANDUM OPINION

Plaintiff Brenda A. Patterson, proceeding *pro se*, filed this action on May 26, 2021, against two Florida counties, a Florida state agency, the Clerk of the United States Supreme Court, and two private corporations. Dkt. 1 at 1 (Compl. ¶ 1). As this Court has previously described, *see Patterson v. Fla. Dep't of Child. & Fams.*, 2021 WL 6196991, at *1 (D.D.C. Dec. 30, 2021) (hereinafter "*Patterson I*"), Plaintiff's claims arise from the arrest and incarceration of her son; allegations of forced medication during his time at a psychiatric facility; and subsequent efforts by Plaintiff and her son to vindicate alleged violations of their rights, *see* Dkt. 3 (Am. Compl.).

This Court previously dismissed five of the Defendants against whom Plaintiff initially brought suit: Miami-Dade County, Hilton Worldwide Holdings, Inc. ("Hilton"), Wellpath Recovery Solutions, LLC ("Wellpath"), the Clerk of the U.S. Supreme Court, Scott S. Harris, and Orange County. *See Patterson I*, 2021 WL 6196991, at *1 (granting motions to dismiss filed by Miami-Dade County, Hilton, Wellpath, and the Clerk of the Supreme Court); *Patterson v. Fla. Dep't of Child. & Fams.*, 2023 WL 2784873, at *1 (D.D.C. Apr. 5, 2023) (hereinafter

"*Patterson II*") (granting motion to dismiss filed by Orange County). For the reasons that follow, the Court will *sua sponte* dismiss Plaintiff's Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) as to the sole remaining Defendant, the Florida Department of Children and Families ("the Department").[1] *See Fontaine v. JPMorgan Chase Bank, N.A.*, 42 F. Supp. 3d 102, 109 n.3 (D.D.C. 2014) (noting that *sua sponte* dismissal is appropriate where "it is patently obvious that the complaint fails to state a claim"). Complaints by *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even a *pro se* litigant must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). In this case, it is clear from the face of Plaintiff's Amended Complaint, even when considered liberally and in light of Plaintiff's responsive filings, *see Brown v. Whole Foods Mkt. Grp.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam), that no "set of facts consistent with the allegations" could entitle her to relief from the remaining Defendant, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

Plaintiff's Amended Complaint alleges that the Department violated the Ninth Amendment (Count I); negligently and intentionally inflicted emotional distress (Counts II and V); intruded upon seclusion (Count III); and violated 42 U.S.C. § 1985(3) (Count IV). Dkt. 3 at 15–19 (Am. Compl. ¶¶ 92–128). The Court will address each count in turn, beginning with the federal claims alleged in Count I and Count IV.

---

[1] The Department has not appeared in this matter. The Court previously declined, however, to enter default against the Department. Dkt. 55 at 3. At that time, the Court explained that it could not properly enter default without first satisfying itself that it had personal jurisdiction over the Department, and the Court was not so satisfied. *Id.* at 2–3. The Court did not dismiss the complaint on the basis that it lacked personal jurisdiction because personal jurisdiction is an affirmative defense subject to waiver. *See id.* at 3 (citing *Kapar v. Kuwait Airways Corp.*, 845 F.2d 1100, 1105 (D.C. Cir. 1988)).

In Count I, Plaintiff alleges that the Department violated rights guaranteed to her under the Ninth Amendment, including a right to personal dignity, rights to social and economic wellbeing, a right to personal autonomy, and a "right to be left alone." Dkt. 3 at 15–16 (Am. Compl. ¶¶ 92–102). As this Court observed in a related case brought by Patterson, however, courts in this District have repeatedly concluded that the Ninth Amendment "is a rule of construction, not a substantive basis for a civil rights claim." *Patterson v. Harris*, 2023 WL 346096, at *10 (D.D.C. Jan. 20, 2023) (quoting *Rynn v. Jaffe*, 457 F. Supp. 2d 22, 26 (D.D.C. 2006)); *see also Robinson v. Pilgram*, 2021 WL 5987016, at *8 (D.D.C. Dec. 17, 2021); *Marshall v. Reno*, 915 F. Supp. 426, 428 (D.D.C. 1996) (rejecting a Ninth Amendment *Bivens* claim because "the Ninth Amendment does not set forth any particular guarantees, but is merely a rule of construction"). Furthermore, even if the Ninth Amendment might be read to affirm the existence of certain "other[]" substantive rights, U.S. Const. amend. IX, Patterson offers no basis to conclude that the rights asserted in her complaint are among those "retained by the people" within the meaning of the Ninth Amendment, *cf. Griswold v. Connecticut*, 381 U.S. 479, 490 (1965) (Goldberg, J., concurring) (observing that statements made by "[James] Madison and [Joseph] Story make clear that the Framers did not intend that the first eight amendments be construed to exhaust the basic and fundamental rights which the Constitution guaranteed to the people"). The Court, accordingly, concludes that Patterson has failed to state a claim in Count I.

In Count IV, Patterson alleges a violation of 42 U.S.C. § 1985(3). Dkt. 3 at 18 (Am. Compl. ¶¶ 114–122). More specifically, she alleges that the Department "has conspired with Miami-Dade County and Wellpath to deprive the Plaintiff of her right to privacy." *Id.* at 18 (Am. Compl. ¶ 115). To state a claim under § 1985(3), a complaint must allege in a non-conclusory fashion "an agreement between two or more persons . . . to participate in an unlawful

act," as well as "an injury caused by an unlawful overt act performed by one of the parties to the agreement . . . in furtherance of the common scheme." *Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). Where, as here, a complaint makes no more than "conclusory allegations of an agreement" without alleging "the existence of any events, conversations, or documents indicating that there was ever an agreement or 'meeting of the minds,'" the complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 12(b)(6). *McCreary v. Heath*, 2005 WL 3276257, at *5 (D.D.C. Sept. 26, 2005); *see also Graves v. United State*s, 961 F. Supp. 314, 321 (D.D.C. 1997) (dismissing claim where plaintiff merely alleged that his former employer "colluded" with the Department of Education but did not put forth "any facts showing the existence or establishment of an agreement"). Because Plaintiff states only that "Defendant has conspired with Miami-Dade County and Wellpath to deprive the Plaintiff of her right to privacy," Dkt. 3 at 18 (Am. Compl. ¶ 115), without alleging *any* facts to support the existence of an agreement between those officials, she has failed to allege a conspiracy under § 1985, *see also Patterson*, 2023 WL 346096, at *11 (finding that similarly conclusory allegations of a conspiracy under § 1985 failed to allege sufficient facts to support the existence of an agreement and sustain a claim).

Turning to Plaintiff's non-federal claims, Count II and Count V allege negligent and intentional infliction of emotional distress, and Count III alleges intrusion upon seclusion. The Court arguably has supplemental jurisdiction over these claims to the extent that they derive from "a common nucleus of operative fact," *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966), as Plaintiff's federal claims. *See* 28 U.S.C. § 1367(a). Now that the Court is dismissing Plaintiff's federal claims, however, the Court "has the discretion to exercise—or decline to exercise—supplemental jurisdiction over any state-law claims that remain." *Deppner v.*

*Spectrum Health Care Res., Inc.*, 325 F. Supp. 3d 176, 190 (D.D.C. 2018) (emphasis omitted); *see also Ali Shafi v. Palestinian Auth.*, 642 F.3d 1088, 1097 (D.C. Cir. 2011) ("Whether to retain jurisdiction over pendent . . . claims after the dismissal of the federal claims is a matter left to the sound discretion of the district court . . . .") (quoting *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005)). Guiding that discretion are "[g]eneral equitable factors . . . including judicial economy, convenience, fairness, and comity." *Pollard v. District of Columbia*, 191 F. Supp. 3d 58, 82 (D.D.C. 2016) (quoting *Kyle v. Bedlion*, 177 F. Supp. 3d 380, 400 (D.D.C. 2016); *see also Deppner*, 325 F. Supp. 3d at 190–91. In the mine run of cases, however, "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Here, given the numerous deficiencies in the operative complaint and the absence of any connection between Plaintiff's non-federal claims and this venue, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) over Patterson's non-federal claims asserted in Counts II, III, and V.

## CONCLUSION

For the foregoing reasons, the Court will *sua sponte* dismiss the complaint as to the sole remaining Defendant, the Florida Department of Children and Families. Because no defendant remains in this action, the Court will dismiss the case.

A separate order will issue.

        /s/ Randolph D. Moss
       RANDOLPH D. MOSS
       United States District Judge

Date: July 11, 2024